## Merrick's Estate.

The facts appear from the adjudication of

GEST, J., Auditing Judge.—Frank X. Merrick died on December 5, 1930, unmarried and without issue, leaving a will which was admitted to probate on December 17, 1930, when letters testamentary were granted. Proof of advertisement of notice thereof was produced to the Auditing Judge.

The provisions of the will need not be recited, as the estate is insolvent. The real estate specifically devised therein is stated to have been sold at sheriff's sale. Henry J. Johnson, the executor, is also residuary legatee.

A large number of claims are admitted in the petition for distribution to be due. That of John B. Love, stated as $1.40 was subsequently admitted in the sum of $7.15. Of the claims scheduled as not admitted that of Forty-second Ward Building and Loan Association, $3735.91, on a deficiency judgment, C. P. No. 4, September Term, 1931, No. 3923, was proved at the audit. The claim of G. F. Harvey Company, $29.85, was admitted. The following claims were not admitted and no proof was made of them, so they are disallowed, to wit: Carbondale General Hospital, $304, First National Bank of Carbondale, $1339, Lea and Febiger, $2.25, Llewellyn Laboratories, Inc., $14.50, Medical Protective Company, $21, Olney Coal and Builders Supply Company, $14, Raymer Pharmaceutical Company, $2985, William H. Rorer, $5, and Stenton Garage, $412.

Testimony was taken in regard to two contested claims: (1) That of William J. McHale, undertaker, for $708, balance of funeral bill. The accountant paid $300, and takes credit in his account therefor. The total cost of the funeral was, therefore, $1008, and it seems to be admitted that the materials charged for were supplied. The arrangements were made by the undertaker with Thomas A. Walker, an uncle of the decedent, with the sanction of the executor. The amount, however, is entirely too large. The gross estate is only $3462.18, and the balance for distribution, after payment of $300 to the undertaker, is only $2608.38. The estate is totally insolvent, and in my opinion the $300 already paid is as much as should be allowed. The claim is, therefore, dismissed, and the claimant must look to those who employed him for the rest of his bill.

(2) The claim of Anna L. Williams was for $8480, for services as housekeeper and office secretary for a period of eight years; that is, from November 3, 1922, to the date of decedent's death, December 5, 1930. The claimant, shortly after the decedent's death, rendered a bill of $147, itemized on page 23

of the testimony, and in the circumstances as brought out in the testimony, it seems proper that this should be allowed as a proper claim. The claim, however, for $8480 is dismissed.

*Michael F. Donoghue*, for exceptant.

SINKLER, J., January 15, 1932.—Due consideration has been given by the Auditing Judge to the claim presented in behalf of the undertaker for the balance of his funeral bill. He dismissed the claim on the ground that the amount already paid to the undertaker is sufficient, having in mind the gross amount of the estate and the fact that it is totally insolvent. His conclusion is correct.

The exceptions are dismissed and the adjudication is confirmed absolutely.